Zel M. Fischer, Judge,
Concurring in Result.
' I concur with the result reached in the principal opinion, but would overrule the court of appeals’ decision in Leeper v. Asmus, 440 S.W.3d 478 (Mo.App. 2014), beyond the principal opinion’s limited overruling of that case and would continue to *783 apply the “something more” test consistent ■with its well-established meaning in this Court. See Peters v. Wady Indus., Inc., 489 S.W.3d 784, 2016 WL 3180586 (Mo. banc 2016) (No. SC94442) (Fischer, J., concurring in ' result), also decided today. That is, “[a]n employee may sue a fellow employee only for affirmative negligent acts outside the scope of an employer’s responsibility to provide a safe workplace.” Piatt v. Indiana Lumbermen’s Mut. Ins. Co., 461 S.W.3d 788, 794 (Mo. banc 2015) (internal quotations omitted) (emphasis added). Nevertheless, because the General Assembly has amended § 287.120.1 to effectively codify this Court’s prior application of the “something more” test beginning in 2012, and the amended version governs co-employee liability cases now and going forward, I have no practical reason to explain the differences I have with the principal opinion.